**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4739**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CORTEZ L. BAREFIELD,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph R. Goodwin, Chief District Judge.  (2:06-cr-00055-2)

_____

Submitted:  December 14, 2007          Decided:  January 7, 2008

_____

Before NIEMEYER, MICHAEL, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

John R. McGhee, Jr., KAY CASTO & CHANEY, PLLC, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, John J. Frail, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cortez L. Barefield appeals his conviction, entered pursuant to his guilty plea to conspiracy to distribute fifty grams or more of cocaine base. On appeal, he challenges the denial of his motions to suppress videotape evidence and his statements to the police. We affirm.

First, Barefield asserts that the district court erred in denying his motion to suppress under State v. Mullens, 650 S.E.2d 169, 190 (W. Va. 2007), which held that the West Virginia State Constitution prohibits the police from sending an informant into the home of another person to surreptitiously use an electronic surveillance device without a warrant. However, whether or not a seizure violates state law is irrelevant to the determination of a motion to suppress in federal court. United States v. Van Metre, 150 F.3d 339, 347 (4th Cir. 1998). As Mullens concedes, both federal statutes and federal constitutional law permit officials to place an electronic surveillance device on a consenting informant for the purpose of recording communications with a third-party suspect, even in the absence of a warrant. Mullens, 650 S.E.2d at 174-78; see also United States v. White, 401 U.S. 745, 749 (1971) (holding that no warrant is required when "secret agent" working for the Government purchases narcotics from the accused and records the exchange). Accordingly, Barefield's contentions are without merit.

Second, Barefield asserts that the district court erred in denying his motion to suppress statements given to the police while he was in police custody and prior to any <u>Miranda</u> warnings. However, Barefield's conclusion that he was in custody at the time of his statements is belied by the record. Two police officers testified that Barefield had never been arrested, had been repeatedly told that he was free to leave, and was never handcuffed or restrained in any way. While Barefield testified differently, the district court found him to not be a credible witness, and we will not second-guess the district court's credibility determination. <u>See</u> <u>United States v. Saunders</u>, 886 F.2d 56, 60 (4th Cir. 1989). Because Barefield was not in police custody at the time of his statements, no <u>Miranda</u> warnings were required, and the district court therefore correctly denied his motion to suppress. <u>See</u> <u>United States v. Leshuk</u>, 65 F.3d 1105, 1108 (4th Cir. 1995) (holding that a suspect is in custody if he has been formally arrested or questioned under circumstances in which his freedom of action is significantly curtailed).

Based on the foregoing, we affirm Barefield's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>